UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTIN GARCIA DIAZ, | No. 2:25-cv-3679 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| WILLIAMS, et al. | |
| Defendants. | |

Plaintiff is a former state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. Pre-trial proceedings are accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1); ECF No. 6.[1] The motion to proceed IFP will therefore be granted.

I. SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

_____

[1] Plaintiff submitted three applications to proceed in forma pauperis ("IFP"). ECF Nos. 2, 6, 9. The first is incomplete. ECF No. 2. The court will grant the second IFP and deny as moot the first and third IFPs.

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

////

////

2

B.    Factual Allegations of the Complaint

The complaint appears to allege constitutional violations against defendant Williams and Doe defendants at California State Prison Solano ("CSP-SOL"), Deuel Vocational Institution ("DVI"), Substance Abuse Treatment Facility ("SAT-F"), and Valley State Prison ("VSP") Chowchilla.   ECF No. 1 at 1-4, 7-10.  Specifically, the complaint alleges that plaintiff started hearing voices in his head at California Men's Colony ("CMC").  Id.  Plaintiff was transferred from CMC to CSP-SOL.  Id. at 4.  At CSP-SOL, staff did not listen to him or take him seriously when he complained he was hearing voices in his head.  Id.  Plaintiff was then transferred to DVI in Tracy, California where, despite his several requests for "man down" for mental health needs, he did not receive help.  Id.  Plaintiff was transferred to SAT-F where he verbally requested help, but none was provided.  Id.  Plaintiff was transferred to VSP Chowchilla where he submitted medical slips and verbally asked for help but was ignored.  Id.  The complaint alleges that plaintiff believes this occurred for five years.  Id.

C.    Discussion

For the reasons discussed below,  the court finds that (1) the complaint fails to state a claim, (2) the claims based on alleged misconduct at CSP-Solano and DVI are likely untimely, (3) the claims based on alleged misconduct at SAT-F and VSP Chowchilla should be brought in the Fresno Division of the Eastern District of California, and (4) plaintiff's claims against several defendants are misjoined.

1.  Lack of Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

3

1978) (citation omitted).  In other words, to state a claim for relief under section 1983, plaintiff must link each individual defendant with some affirmative act or omission that shows a violation of plaintiff's federal rights.  This rule applies to named defendants and Doe defendants.  This means that plaintiff should identify each defendant separately (defendant Williams, Doe 1, Doe 2, Doe 3, etc.) and explain what each individual did to violate his rights.

Here, the complaint does not allege what defendant Williams or any particular Doe defendant did or did not do to violate plaintiff's rights.  Accordingly, the complaint fails to state a claim against any defendant.  Because it appears these defects can be fixed, the court will give plaintiff leave to amend the complaint.

2.   Statute of Limitations

There is a two-year statute of limitations for § 1983 claims in California.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  Prisoners serving a sentence of less than life are entitled to statutory tolling of up to two years.  Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000) (citing Cal. Civ. Proc. Code § 352.1(a)).[2]  Moreover, the statute of limitations is "tolled while a prisoner completes the mandatory exhaustion process" (i.e. grievance process).  Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

Plaintiff is out of custody and therefore was not serving a life sentence, and is eligible for up to two years of tolling during the time of his incarceration.  The complaint does not indicate when plaintiff was released from custody.  However, assuming without deciding that plaintiff was eligible for the full two years of tolling, he had four years after the alleged constitutional violations to file his claims plus the period of time it took to complete the grievance process for said claims.

According to the California Department of Corrections and Rehabilitation ("CDCR"), by the end of July 2021 people were no longer detained at DVI and as of September 30, 2021, DVI was officially shut down and deactivated.  California Department of Corrections and Rehabilitation, *Deuel Vocational Institution deactivated in photos*, CDCR, (last visited March 18,

---

[2]  Petitioner is no longer in custody, which indicates his eligibility for tolling up to two years during his incarceration.

2026), https://www.cdcr.ca.gov/insidecdcr/2021/11/01/deuel-vocational-institution-deactivation-in-photos/.[3] Because the complaint alleges violations at CSP-Solano *prior* to plaintiff's incarceration at DVI, and because plaintiff incarceration at DVI must have ended by the end of July 2021 or no later than September 30, 2021, plaintiff's claims based on violations at CSP-Solano and DVI are likely untimely.

### 3. Improper Location for Filing

Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper division of a court may, on the court's own motion, be transferred to the proper division of the court. The alleged violations at SAT-F and VSP took place in Kings and Madera counties.

Pursuant to Local Rule 120(d), civil actions "arising in . . . Kings, [and] Madera . . . counties shall be commenced in the United District Court sitting in Fresno, California." Accordingly, plaintiff should pursue his claims based on alleged civil rights violations at SAT-F and VSP in the Fresno Division of the United States District Court for the Eastern District of California. To file an action in the Fresno Division, a complaint should be mailed to:

> United States District Court
> Eastern District of California
> 2500 Tulare Street
> Fresno, CA 93721

Plaintiff is informed that if he amends the complaint in this action and includes his claims against individuals at SAT-F and/or VSP, the court will either dismiss or sever those claims. If the claims are severed, the court will transfer the claims against individuals at SAT-F and/or VSP to the Fresno Division and plaintiff will be responsible for paying the filing fee in *this* action *and every* severed action.

### 4. Misjoinder of Parties and Claims

A plaintiff may properly assert multiple claims against a single defendant in a civil action.

---

[3] The court takes judicial notice of these facts. Fed. R. Evid. 201(b)(2) (the court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  However, unrelated claims against different defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  Id.

Although the claims here all generally concern plaintiff's allegations of deliberate indifference to his mental health needs, they relate to *different events* by *different defendants* at four *different prisons*.  They thus do not arise out of the same transaction, occurrence, or series of transactions or occurrences and cannot be pursued in the same lawsuit.

As noted before, plaintiff will be given leave to amend the complaint.  If plaintiff files an amended complaint improperly joining claims against different defendants at different prisons based on different events, the court will either dismiss or sever the claims.  If the claims are severed, plaintiff will be responsible for paying the filing fee in *this* action *and every* severed action.

### D.     Leave to Amend

Plaintiff may try to fix the problems with his complaint by filing an amended complaint. If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named and Doe defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Lastly, as noted above, should plaintiff reassert claims against individuals at SAT-F and VSP, those claims may be dismissed or severed. Similarly, if plaintiff realleges claims against different defendants arising from different events at different prisons, those claims may be dismissed or severed. Plaintiff will be responsible for paying the filing fee in this action and for every severed case resulting from this action.

## II. MISCELLANEOUS MOTIONS

### A.    Motion for an Extension of Time

Plaintiff filed a motion for a 30-day extension of time to identify Doe defendants. ECF No. 4. The court has not set a deadline to identify Doe defendants and plaintiff's motion is accordingly denied as unnecessary.

### B.    Motion to Amend the Complaint

Plaintiff filed a motion for leave to amend the complaint to identify Doe defendants. ECF No. 7. The motion states that plaintiff has identified some of the Doe defendants as "Virk, Harman, L, Rodriguez, and Dr. Toor medical staff," and that plaintiff is continuing his efforts to identify remaining Doe defendants. Id. The motion will be denied as moot.

Pursuant to the Federal Rules of Civil Procedure, plaintiff may amend the complaint "once as a matter of course" before the complaint is served or before the deadline for a responsive pleading. Fed. R. Civ. P. 15(a)(1). Because plaintiff has not previously amended the complaint and because no defendant has been served, plaintiff did not need to seek leave to amend the

7

complaint. Additionally, because the court has already decided to grant plaintiff leave to amend based on the screening of the complaint, the motion is moot.

C.    Motion to Supplement the Record

Plaintiff has also filed a motion to supplement the record and attached several medical records from his incarceration at DVI and VSP. See ECF No. 8. Plaintiff asserts this evidence is crucial to this action. Id. The motion will be denied because no evidence is necessary at this early stage in the proceedings. Plaintiff is informed that he is not required, nor should he file any evidence unless requested by the court or unless it is filed in support of a motion (e.g. motion for summary judgment) or opposition to a motion. To state a claim for screening purposes, plaintiff must *allege* facts, not prove them with documentary evidence.

## III. PLAIN LANGUAGE SUMMARY OF THIS ORDER

Your complaint will not be served because the facts alleged are not enough to state a claim. The court has also identified several issues with the claims alleged in the complaint due to (1) the timing of the filing of some of the alleged claims, (2) the allegations of misconduct that occurred in counties that are part of the Fresno Division, not Sacramento Division, of this court, (3) the allegations against various defendants at different prisons for different events that cannot be raised in a single case, and (4) the failure to specify what each individual defendant did that you think violated your rights.

You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards discussed above. Be sure to provide facts that show exactly what *each* defendant did to violate your rights and to allege claims that can be properly commenced in the Sacramento Division of this court and can be properly brought in a single case. **Any claims and information not in the amended complaint will not be considered.**

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is GRANTED, and plaintiff's additional requests for leave to proceed in forma pauperis (ECF Nos. 2, 9) are

8

DENIED as MOOT.

2. Plaintiff's motion for an extension of time (ECF No. 4) and to supplement the record (ECF No. 8) are DENIED as UNNECESSARY.

3. Plaintiff's motion to amend the complaint (ECF No. 7) is DENIED as MOOT.

4. Plaintiff's complaint fails to state a claim upon which relief may be granted and will not be served.

5. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

6. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

7. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: March 18, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE